IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Barion Lee Hairston, | ) | C/A No.  0:14-1101-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Warden, Federal Correctional Institution Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

   The petitioner, Barion Lee Hairston ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Estill, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC.  Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.   Factual and Procedural Background**

   Petitioner indicates that he entered a guilty plea to a firearm offense in the United States District Court for the Middle District of North Carolina on May 6, 2008.  (ECF No. 1 at 2.)  On September 16, 2008, Petitioner was determined to be an armed career criminal and sentenced to 210 months' imprisonment.  (Id. at 2-3.)  The United States Court of Appeals for the Fourth Circuit affirmed the conviction on February 4, 2010, and the United States Supreme Court denied a writ of certiorari on June 14, 2010.  (Id. at 3.)  Petitioner states that he has not filed a § 2255 motion in the sentencing court.  (Id.)

   Petitioner alleges actual innocence of his sentence enhancement, claiming that his former North Carolina convictions for breaking and entering no longer qualify as predicate offenses under

PJG

the Armed Career Criminal Act ("ACCA")[1], citing <u>Descamps v. United States</u>, 133 S. Ct. 2276

(2013) (clarifying the test for determining whether a prior conviction constitutes a violent felony

under the "residual clause" of the ACCA).  (<u>Id.</u> at 4, 7.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C.

§ 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214; and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25

(1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324–25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972);

<u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (en banc); <u>Todd v. Baskerville</u>,

712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  <u>Erickson v. Pardus</u>, 551 U.S. 89

(2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, <u>id.</u>;

<u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

meritorious case.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When

---

[1] Section 924(e) of Title 18 of the United States Code imposes a mandatory minimum fifteen-year sentence on felons who unlawfully possess, among other things, firearms, and who also have three or more previous convictions for committing certain drug crimes or violent felonies.  18 U.S.C. § 924(e)(1).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. <u>See</u> Rule 1(b).



a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.

Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.



28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001);

Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).  In this case,

Petitioner states that he has not filed a motion under § 2255.  However, "the remedy afforded by

§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to

obtain relief under that provision, or because an individual is procedurally barred from filing a

§ 2255 motion."  See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine

whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's

detention.  In In re Jones, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the substantive law changed such that the conduct of
> which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner
> cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one
> of constitutional law.

In re Jones, 226 F.3d at 333-34.  The instant Petition fails to demonstrate that the conduct for which

Petitioner was convicted has been deemed non-criminal by any substantive law change since his

direct appeal.  Instead, Petitioner alleges that he is "actually innocent" of his sentence enhancement

pursuant to the ACCA and argues that his North Carolina breaking and entering convictions are not

crimes of violence under the ACCA in light of Descamps.  (ECF No. 1 at 4.)  However, Descamps

has not been declared retroactive on collateral review by the Supreme Court.  See Baker v. Zych,

C/A No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases which

hold that Descamps is not retroactive on collateral review); Williams v. Ziegler, C/A No. 5:12-cv-

398, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014); cf. United States v. Westmoreland, 13-

PJG

4173, 2013 WL 5567889, at *3 (4th Cir. Oct. 10, 2013) (reaffirming that North Carolina convictions for breaking and entering are qualifying convictions for purposes of the ACCA and stating that "[t]he Supreme Court's recent decision in Descamps v. United States . . . does not affect our conclusion"). Therefore, Petitioner's reliance on Descamps is misplaced.

Further, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences.  See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241); see also Whiteside v. United States, No. 13-7152, 2014 WL 1364019, at *27 n.4 (4th Cir. Apr. 8, 2014) (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit).  As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence, this matter should be dismissed. Petitioner is well beyond the one-year statute of limitations for filing a § 2255 motion in the sentencing court.  See 28 U.S.C. § 2255(f).  Therefore, the court concludes that it is not in the interest of justice to re-characterize the Petition as a § 2255 motion and/or transfer this case to the sentencing court. Cf. United States v. McNeill, No. 12-6129, 2013 WL 1811904, at *5 (4th Cir. May 1, 2013) ("transfer under [28 U.S.C.] § 1631 for an improperly filed petition is in the interest of justice where the statute of limitations would otherwise bar a petitioner from pursuing his habeas rights") (citing Shaw v. United States, No. 09-8186, 2011 WL 915814 (4th Cir. March 17, 2011)).

PJG

**III.     Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).